Harold E. Koreman, J.
These are two applications to modify six separate subpoenas served by the Temporary Commission of Investigation of the State of New York (hereinafter called the Commission) on officers of the Police Department of the City of Albany. One application is made by the Mayor of the city, and the other by the officers subpoenaed. The subpoenas require the appearance of the officers at a private hearing before the Commission in New York City and the modification sought is to change the place of their appearance to Albany. The petitioners concede the statutory authority of the Commission in a proper case to subpoena witnesses to New York City, but contend that such authority is not unlimited, and its exercise in this case would be arbitrary and oppressive, and would interfere with the effective enforcement of1 the functions of the Police Department by requiring the attendance of a number of police officers at hearings before the Commission in New York City. Petitioners also contend that to .require the police officers to appear in New York City would constitute harassment and an abuse of authority. This precise contention was passed upon by the Appellate Division, Third Department, and affirmed by the Court of Appeals, (Ryan v. Temporary State Comm. of Investigation, 16 A D 2d 1022, 1023, affd 12 N Y 2d 708), wherein it was stated: “ As to the contention that scheduling the hearing in New York rather than Albany constitutes harassment, we need only point out that the statute gives appellant the power to conduct investigations at any place within the State (L. 1958, ch. 989, § 2, subd. 11, par. a). It is not limited to examining witnesses in the county in which they reside or have their place of business or in which the transactions being investigated took place (Matter of Sears [Shapiro], [1 A D 2d 848, affd. 1 N Y 2d 693], Matter of Frederick [Shapiro], 1 A D 2d 846, affd. 1 N Y 2d 693). Appellant has given reasons for holding the hearing in New York rather than Albany, and we do not find these reasons so spurious as to constitute a wrong of which cognizance should be taken (Matter of Hirshfield v. Craig, 239 N. Y. 98, 110)."
On the oral argument it was stated that the Commission, in its judgment, in the exercise of its statutory discretion, and based upon a careful review of all the facts, decided that these witnesses should be heard by the Commissioners. It was also pointed out that only the Commissioners can rule on objections raised by counsel for the petitioners; that the Commissioners have the authority to direct witnesses to answer where they refuse; that if witnesses assert constitutional privilege against self incrimination, the Commissioners have the authority to *6 grant immunity and the attorney for or representative of the Commission has no such authority. These reasons for requiring petitioners to attend before the Commissioners in New York City were also given in Ryan v. Temporary State Comm. (supra), and this court is bound by the holding therein.
The petitioners claim that to require the attendance of police officers in New York City unnecessarily imperils the safety of the citizens of Albany and would diminish the effectiveness of the Police Department in the performance of its vital function in protecting persons and property. On the argument of this motion the chief counsel of the Commission stated “ this Commission has in the past and is prepared today and in the future to make any adjustment of schedules of witnesses so as not to disrupt the police function”. He stated further, “we maintain that we will make any arrangement necessary to examine these witnesses so as not to disrupt the police function ’ ’. At this time the court will assume that the Commission will abide by the statements of its counsel, and that he will consult with the Chief of Police concerning the attendance of any police officer so as to avoid disruption of departmental functions. While this court must adhere to the decision of the appellate courts herein- cited, it is my opinion that the authority of the Commission is not unlimited when matters of public safety and the effectiveness of the Police Department in the performance of its duties are involved. Should it develop that, despite the assurances of the Commission’s counsel, the attendance of police officers in New York City poses a threat or danger to the public safety of the citizens of the City of Albany, this decision is not to be construed as barring an application for appropriate relief.
Accordingly, the petitions are dismissed.