■ ERASTUS CORNING, II, as Mayor of the City of Albany, Appellant, v. PAUL J. CURRAN et al., Constituting the Temporary Commission of Investigation of the State of New York, Respondents. WILLIAM J. VAN AMBURGH et al., Appellants, v. PAUL J. CURRAN et al., Constituting the Temporary Commission of Investigation of the State of New York, Respondents.— Order affirmed, without costs. (See *Matter of Ryan* v. *Temporary State Comm. of Investigation,* 16 A D 2d 1022, affd. 12 N Y 2d 708.) Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur. [74 Misc 2d 4.]

■ In the Matter of the Application of MONROE COUNTY LEGAL ASSISTANCE CORPORATION for Approval of an Office in Sullivan County.— Application for reconsideration of decision dated May 30, 1973 granted and paragraphs numbered 4 and 5 of the decision amended in accordance with petitioner's request. Decision amended in other respects to conform with the decision in *Matter of Monroe County Legal Assistance Corp. (Chemung County Office),* decided herewith (42 A D 2d 799), as follows: 1. Approval shall be temporary and shall expire on October 30, 1973. 2. All legal advice and legal services shall be furnished and rendered solely by attorneys duly admitted to practice law in this State. Attorneys employed by petitioner shall render only professional legal services. Such services shall be rendered within the same limits applicable to an attorney in private practice, except that petitioner's attorneys shall not accept contingency fee cases unless it is established after a reasonable effort of referral that a private attorney would not be qualified or willing to accept the case. 3. Neither the petitioner nor any of its employees shall receive or participate in any fee or compensation paid by or on behalf of a client for the rendition of legal services, except that petitioner may accept counsel fees awarded to it by any court of competent jurisdiction. 4. Where legal services require maintenance of an action or proceeding, the attorney in charge shall appear as attorney of record and his name shall appear as such attorney on all legal papers in the action or proceeding, and the name of the corporation may follow in parentheses. 5. Legal services may be rendered to another corporation, association or group insofar as may be necessary primarily for the purpose of promoting the interests of persons eligible as indigent individuals. 6. Salaried officers and employees of the petitioner shall not engage in conduct prohibited by section 1502 of the Federal Hatch Act (U. S. Code, tit. 5, § 1502, subd. [a]). 7. Petitioner shall not interfere or permit any interference with the attorney-client relationship, nor shall the petitioner permit nonprofessionals or organizations controlled by nonprofessionals to decide or advise on professional matters or interfere with attorneys in the rendering of legal services. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.